# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**APRIL GRIFFIN,**
        **Petitioner,**

     v.                                                   **Case No. 09C1115**

**SHERIFF DAVID CLARKE,**
**JB VAN HOLLEN,**
        **Respondents.**

## ORDER

April Griffin filed this petition pursuant to 28 U.S.C. § 2241 asserting that her ongoing detention violates the Constitution. She is currently being held in the Milwaukee County Correctional Facility awaiting trial on charges of Interfering with Child Custody, Wis. Stat. § 948.31(2), and Resisting or Obstructing an Officer, Wis. Stat. § 946.41(1). She previously filed a similar petition (case number 09-CV-306). Pursuant to Rule 2 of the Rules Governing § 2254, which I may apply to § 2241 cases,[1] I dismissed that petition on technical grounds, namely that plaintiff did not follow the form appended to the rules governing habeas cases. Although I gave plaintiff the opportunity to refile and attached an appropriate form, she did not do so. Instead, she brought the present petition, this time filing additional grounds for relief.

I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer,

---

[1] Rule 1(b) of the Rules Governing § 2254 provides that a "district court may apply any or all of these rules to a habeas corpus petition not [under § 2254]."

motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During the initial review, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

I will dismiss the petition without prejudice because petitioner has not attempted to exhaust state court remedies. Although § 2241(c)(3) does not explicitly require exhaustion, federal courts may "require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." United States v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991) (citing Baldwin v. Lewis, 442 F.2d 29, 31-33 (7th Cir.1971)); see also Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004) (common law exhaustion rule applies to § 2241 actions). Petitioner gives no indication that she has challenged her custody in state court, raised the issue of a speedy trial or permitted a state court to consider her defenses.

As a result,

**IT IS ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 4 day of December, 2009.

/s_____
LYNN ADELMAN
District Judge