# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**APRIL GRIFFIN,**

         **Petitioner,**

       **v.**                            **Case No. 09C1115**

**SHERIFF DAVID CLARKE,**
**JB VAN HOLLEN,**

         **Respondents.**

---

## DECISION AND ORDER

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, courts must issue or deny a certificate of appealability when they enter a final order adverse to the applicant. For the reasons stated in the December 4, 2009 opinion, I find that petitioner has not made a substantial showing of the denial of a constitutional right and thus deny the certificate.

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant her a certificate of appealability pursuant to 28 U.S.C. § 2253(c). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

I dismissed petitioner's case not based on any of the underlying claims on the merits, but on a procedural ground for failing to exhaust her state court remedies. When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Section 2253 mandates that both showings be made before a certificate of appealability is granted. Id. at 485. The district court is allowed, and indeed encouraged, to proceed first to the procedural issue if its answer is more apparent from the record and arguments. Id.

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id. at 484.

Addressing the procedural showing first, I believe the question of whether petitioner's case should have been dismissed for failure to exhaust her state court remedies does not deserve to proceed further, nor do I believe that my dismissal for failure to exhaust state court remedies would be debatable among jurists of reason reviewing the record of this case. Petitioner has made no showing that she has raised any of her claims before the state court where her case is pending. A plain procedural bar is present and thus no reasonable jurist could conclude that the district court erred or that the petitioner

2

should be allowed to proceed further.  There is therefore no need to address the underlying

merits of the petition.

**THEREFORE IT IS ORDERED** that the certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin this 11 day of December, 2009.


s/_____
LYNN ADELMAN
District Judge

3