# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

APRIL GRIFFIN
          Petitioner,

    v.                                            Case No. 09C1115

SHERIFF DAVID A CLARKE,
ATTORNEY GENERAL J B
VAN HOLLEN,
          Respondents.

## DECISION AND ORDER

Petitioner April Griffin filed this habeas petition pursuant to 28 U.S.C. § 2241. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I gave the case prompt initial consideration and dismissed for failure to exhaust state court remedies. See § 2254 Rule 1(b). Petitioner now moves for relief from judgment, claiming that exhaustion of remedies is not required for § 2241 petitions.[1] She also asks that I recuse myself.

Petitioner's motion for recusal is unsupported and lacks legal merit. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Furthermore, federal courts may "require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." U.S. v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991) (citing Baldwin v. Lewis, 442 F.2d 29, 31-33 (7th Cir.1971)); See also Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir.

---

[1] Petitioner's request is based upon the district court's dismissal without prejudice and is not a successive petition bringing a "claim" on the merits. See Gonzalez v. Crosby, 545 U.S. 524, 535-536 (2005).

2004) (common law exhaustion rule applies to § 2241 actions). Thus exhaustion may be required for § 2241 petitions. I will therefore deny the motion.

As a result,

**IT IS THEREFORE ORDERED** that the motion for relief from judgment is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10 day of February, 2010.

/s_____
LYNN ADELMAN
District Judge